**United States District Court**
**Central District of California**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | **CR 14-200-GW** | JS-3 |
| **Defendant** **Herm. Dauelsberg GmbH & Co. KG** | Social Security No. N O N E | | |
| akas: | (Last 4 digits) | | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 24 | 2014 |

**COUNSEL**   John C. Cox; Glenn H. Piper, Retained
(Name of Counsel)

**PLEA**   ☑ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**33 C.F.R. § 151.25(a),(d) and (h) FAILING TO MAINTAIN AN ACCURATE OIL RECORD BOOK; and**
**33 U.S.C. § 1232(b)(1); 33 C.F.R. § 160.215,160.204 FAILING TO REPORT A HAZARDOUS CONDITION ABOARD A VESSEL as charged in the Information.**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby placed on probation for a term of: **Three (3) years.**

It is ordered that the defendant shall pay to the United States a special assessment of $800, which is due immediately.

It is ordered that the defendant shall pay to the United States a total fine of $1,000,000, which is due immediately. Half of the fine shall be paid to persons set forth in a separate list prepared by the Government which this Court adopts and which reflects the Court's determination of the amount due to each person. The list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of each person.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Herm. Dauelsberg GmbH & Co. KG, is hereby placed on probation on Counts One and Two of the Information for a term of three (3) years to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2. The defendant shall not commit any violation of local, state or federal law or ordinance;

3. <u>OWS Training Program</u>. Defendant agrees to develop and implement a company-wide, comprehensive training program for using oil-water separator ("OWS") systems that applies to all employees, officers, and crew members who work in engine rooms aboard all oceangoing vessels that are owned, operated, chartered, managed, and/or manned by the defendant during the period of probation (hereinafter, the "subject vessels"). The training program must be implemented company-wide and must be given semi-annually to all those to whom this paragraph applies. The program must include notifications to crew members that:

USA vs. **Herm. Dauelsberg GmbH & Co. KG**       Docket No.:   **CR 14-200-GW**

   a.   Failure to properly use the IWS could result in a criminal prosecution of crew members and/or the Company by Port State authorities;

   b.   Violations related to the OWS must be immediately reported to the closest Port State authorities; and

   c.   Crew members who report OWS violations to Port State authorities may be entitled to a monetary reward.

   The master and chief engineer aboard each subject vessel shall be responsible for ensuring compliance with this program.  This program is subject to approval by the United States Probation Office and the USAO

4. <u>Hulls Fracture Inspection and Reporting Policy</u>.  Defendant agrees to develop and implement a company-wide policy requiring crew members working aboard subject vessels to conduct inspections for, and immediately report, any cracks or fractures to the subject vessels that occur while transiting the Panama Canal.  This policy must be implemented aboard all subject vessels and must require the crew to immediately report any such fractllres or cracks to defendant's corporate headquarters and to the applicable classification society for the vessel.  The master and chief engineer aboard each subject vessel shall be responsible for ensuring compliance with this policy.  This policy is subject approval by the United States Probation Office and the USAO.

5. Defendant agrees to strictly adhere to its Hot Work and Confined Space Entry policies and procedures for the subject vessels as required by the International Safety Management ("ISM") code.  The master  and chief engineer aboard each subject vessel shall be responsible for ensuring compliance with this policy.  This policy is subject to approval by the United States Probation Office and the USAO.

6. Defendant agrees to cooperate in the government's ongoing investigation concerning the allegations in the Plea Agreement, and to promptly comply with any grand jury subpoena(s) issued in connection with the investigation.

7. Defendant agrees to make final repairs to any and all cracks or fractures in the hull of the H/V Bellavia, including but not limited to the cracks in or near the Number 4 Starboard Fuel Oil Tank and the Number 5 Port Fuel Oil Tank.  Defendant also agrees to provide proof of those final repairs, along with proof that the applicable classification society has approved the repairs, to the United States Probation Office and the USAO.

The Court advises defendant of his rights to an appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | | | |
|---|---|---|---|
| USA vs. | **Herm. Dauelsberg GmbH & Co. KG** | Docket No.: | **CR 14-200-GW** |

*George H. Wu* (signature)

| | |
|---|---|
| April 28, 2014 | GEORGE H. WU, U. S. District Judge |
| Date | |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| April 28, 2014 | By | /S/ Javier Gonzalez |
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| | |
|---|---|
| USA vs. **Herm. Dauelsberg GmbH & Co. KG** | Docket No.: **CR 14-200-GW** |

☐  The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

| | | | |
|---|---|---|---|
| USA vs. | **Herm. Dauelsberg GmbH & Co. KG** | Docket No.: | **CR 14-200-GW** |

Defendant released on

Mandate issued on

Defendant's appeal determined on

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date / Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date / Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____

Defendant / Date

_____

U. S. Probation Officer/Designated Witness / Date